113 F.3d 1238
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Roderick L. GARRETT, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 96-2360WM.
 United States Court of Appeals, Eighth Circuit.
 Submitted April 17, 1997.
Filed May 13, 1997.
 
 Appeal from the United States District Court for the Western District of Missouri.
 Before RICHARD S. ARNOLD, Chief Judge, and FLOYD R. GIBSON and FAGG, Circuit Judges.
 PER CURIAM.
 
 
 1
 A jury convicted Roderick L. Garrett of conspiracy to distribute cocaine base, possession of a firearm by a convicted felon, and using a firearm during a drug trafficking offense. The district court sentenced Garrett to 135 months on the drug conspiracy count, 120 concurrent months on the felon-in-possession count, and sixty consecutive months on the § 924(c) gun use count, for a total sentence of 195 months. Garrett challenged his convictions on direct appeal, and we affirmed. See United States v. Garrett, 961 F.2d 743 (8th Cir.1992). In 1994, Garrett filed a pro se 28 U.S.C. § 2255 motion to vacate his § 924(c) gun use sentence, asserting his sentence was illegal because the district court should have enhanced his drug sentence for possession of a firearm instead. See U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1996). After the Supreme Court decided Bailey v. United States, 116 S.Ct. 501 (1995) (narrowing definition of "using" firearm within meaning of § 924(c)), Garrett amended his § 2255 motion to include a claim that his gun sentence should be vacated based on Bailey. The Government agreed Garrett's gun sentence should be vacated in light of Bailey, but asserted the district court should enhance Garrett's drug sentence for his possession of a firearm under § 2D1.1(b)(1). The district court set aside Garrett's gun sentence, found the § 2D1.1(b)(1) enhancement applied, and resentenced Garrett to 168 months on the drug charge.
 
 
 2
 Garrett appeals, arguing the district court lacked jurisdiction to resentence him on the unchallenged drug charge in this § 2255 proceeding, and his resentencing violates double jeopardy and due process. Garrett's arguments fail for two reasons.
 
 
 3
 First, Garrett attacked his drug sentence in his § 2255 motion. Garrett requested the § 2D1.1(b)(1) enhancement of his drug sentence rather than the longer sixty month term for using a firearm in violation of § 924(c). Garrett received just what he asked for. The district court vacated Garrett's firearm use sentence and replaced it with the drug sentence enhancement, resulting in a total sentence reduction of twenty-seven months. Because Garrett challenged his drug sentence, the district court had power to correct it under the plain language of 28 U.S.C. § 2255. See 18 U.S.C. § 3582(c)(1)(B) (1994).
 
 
 4
 Second, even if Garrett had not challenged his drug sentence in his § 2255 motion, his arguments are foreclosed by our recent decision in United States v. Harrison, No. 96-2544, slip op. (8th Cir. May 9, 1997). In Harrison, we held 28 U.S.C. § 2255 gives district courts jurisdiction to enhance an unchallenged drug sentence for possession of a firearm after vacating the defendant's sentence for using a firearm in violation of § 924(c). See id. at 3-4. The § 2D1.1(b)(1) drug sentence enhancement and the § 924(c) firearm conviction are interdependent. See id. To correct a § 2255 defendant's sentence after a successful attack on a § 924(c) firearm conviction, the district court must revisit the defendant's drug term to consider the § 2D1.1(b)(1) enhancement. See id. In these circumstances, resentencing does not violate double jeopardy or due process. See id. at 4-5.
 
 
 5
 We thus affirm Garrett's sentence.